## Case No. 17,546.

### WHITE v. CROSS.

[2 Cranch, C. C. 17.] [3]

Circuit Court, District of Columbia. Dec. Term, 1810.

DISTRESS FOR RENT—REPLEVIN—ASSIGNMENT BY LESSOR—EVIDENCE.

1. Upon the issue of "no rent arrear," the plaintiff in replevin will not be permitted to show that the defendant "had nothing in the tenements."

2. An assignment by the lessor, during the term, without attornment, does not prevent the lessor from distraining.

3. In replevin for goods distrained for rent, the defendant cannot give evidence of the value of the use and occupation.

Replevin. Avowry for rent. Plea, no rent arrear, and issue.

THE COURT (THRUSTON, Circuit Judge, absent,) refused to permit the tenant to give in evidence, a deed in fee from Cross to Prout, made within the term, without attornment, to show that Cross had no right to distrain; the only issue being "no rent arrear," which admits the demise, and precludes the tenant from showing that the defendant had nothing in the tenements. The court also refused to permit the defendant, Cross, to give evidence of the value of the use and occupation of the house; as he could only distrain upon a special agreement for a sum certain.

## Case No. 17,546a.

### WHITE v. The CYNTHIA.

[10 Reporter, 232.] [1]

Circuit Court, E. D. New York. July 12, 1880. [2]

ADMIRALTY PLEADING — EXCEPTIONS TO LIBEL — LIENS UNDER STATE LAWS — CONSTRUCTION OF STATUTE.

1. Objections to defects of form in a libel in admiralty should be raised by special exception under rule 24. If the exceptions in an answer are not insisted upon at the opening of the trial they will be considered as waived.

2. The court will follow the ruling of the district court of another state as to the construction of a state statute.

3. Liens given by state law can be enforced in admiralty.

[Appeal from the district court of the United States for the Eastern district of New York.]

Libel in admiralty for supplies furnished in Virginia. The libellants had a decree in the district court [2 Fed. 112], and the claimants appealed.

Birdseye, Cloyd & Bayliss, for libellants.

Beebe, Wilcox & Hobbs, for claimant.

BLATCHFORD, Circuit Judge. The matters of exception to the libel set forth in the answer alleged mere defects of form, and should, under rule 24, have been raised by special exception. Even if tenable, the court would allow the libel to be amended, and without terms. But the exceptive matters must be regarded as having been waived by the claimant, as he allowed the case to be tried on its merits, without insisting in the court below on the exceptive matters at the opening of the trial, as he should have done if he intended to rely on them, in which case the libellant could have amended the libel. The libel must be regarded as containing all proper allegations as to the issues passed upon at the trial. I agree with the district judge, that the materials sued for do not come within the rule that has been applied to cases of the building of a vessel. It is proper to follow the ruling of the district court in Virginia as to the construction of the statute of that state, in force when the supplies were furnished. Under that construction there was a lien on the vessel by the state law for the supplies. That lien can be enforced in admiralty. Decree affirmed.